(No. 98-CV-2872—

*In re* APPLICATION OF RALPH WHITED

*Order filed February 9, 1999.*
*Opinion filed March 3, 2000.*

RALPH WHITED, pro se.

JIM E. RYAN, Attorney General (DONALD C. MCLAUGHLIN, JR. and KIMBERLY M. PATE, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

PER CURIAM.

This claim arises out of an incident that allegedly occurred on June 29, 1996. The Claimant, Ralph Whited, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq*. (1996).

This Court has carefully considered the application for benefits submitted on May 21, 1998, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon

these documents and other evidence submitted to the Court, the Court finds:

1. That on June 29, 1996, the Claimant alleges that he was beaten by an offender who was known to him. The alleged incident occurred at Cook County Department of Corrections, 26th and California Avenue, Division, II, Chicago, Illinois. However, the Cook County Sheriff's Police Department could not locate any record of the alleged incident.

2. That according to section 6.1(b) of the Act, a person is entitled to compensation under this Act if the appropriate law enforcement officials were notified of the perpetration of the crime allegedly causing the death or injury to the victim within 72 hours, or in the event such notification was made more than 72 hours after the perpetration of the crime, the applicant establishes that such notice was timely under the circumstances.

3. That the Claimant has failed to establish that the appropriate law enforcement officials were notified of said incident as required by section 6.1(b) of the Act. The police have no record of a police report on the above incident.

4. That the Claimant has failed to furnish proof that a crime has been committed.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

OPINION

RAUCCI, C.J.

This cause is before the Court on a recommendation from Commissioner Blanche Fawell Hill following a

hearing. This Court denied Claimant's application for benefits under the Crime Victims Compensation Act (740 ILCS 45/1 *et seq.*), on February 9, 1999, on the basis that Claimant failed to notify appropriate law enforcement officials within 72 hours of the perpetration of the crime as required by section 6.1(b) of the Crime Victims Compensation Act. 740 ILCS 45/6.1(b).

Claimant filed a timely request for a hearing. A hearing was held before the Commissioner on December 15, 1999.

At the hearing, the Claimant testified that on June 29, 1996, while he was an inmate at the Cook County Jail, he was the victim of an attack by another inmate and that he suffered extensive damage to his jaw. He testified that immediately after the incident he reported it to the guard on his tier. The guard told him, "You must have fallen out of bed."

Three days later a tier guard whom the Claimant trusted returned from vacation. The Claimant reported the incident to this guard. He was transported to Cook County Hospital where he was hospitalized for six days for treatment of a fractured jaw.

The office of the Attorney General introduced documents from the Cook County State's Attorney's Office that indicated that the Cook County Jail shows no report of the Claimant making a report of his injury.

The Court finds the Claimant's testimony that he attempted to report the incident credible. The Claimant's injuries were severe, as he was hospitalized for six days. The Claimant was incarcerated at the time of the incident. The Court finds that the Claimant did report the incident to the tier guard immediately after it happened.

However, we find that as to the amount of compensation, if any, the Claimant has failed to sustain his burden of proof.

At the time of the hearing, the Claimant presented the Commissioner with a thick folder full of various documents which he asked to be considered as evidence of loss. The Commissioner then asked the Claimant if he was only seeking reimbursement for medical bills at Cook County Hospital. Claimant replied that he was also seeking compensation for loss of earnings and the injuries that he sustained. The Commissioner properly advised the Claimant that the Crime Victims Compensation Act did not allow compensation for pain and suffering. The Claimant responded that all of his problems stem from what he felt was his wrongful incarceration and the broken jaw, including his skin ailment.

Initially, we find that the medical bills which accrued when Claimant was hospitalized are by law the responsibility of the Cook County Jail, so no money will be awarded Claimant for those items. The relationship of the other items to the incident was not proven and is found to be highly speculative. For example, his proffered psychiatric report states he said his inability to work was due to a skin condition, chronic pain from a bullet which had been in his foot since 1981, and difficulty breathing. His records also indicate he has been on SSI disability since before his incarceration. Dental records indicate pre-existing conditions. No explanation was offered or could be discerned for his provision of a residential lease.

Wherefore, it is ordered that this claim be, and it hereby is, denied.